■ VINCENZO FERRIOLO, Appellant, v CITY OF NEW YORK et al., Respondent. [888 NYS2d 400]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 11, 2008, which, upon reargument, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on his cause of action pursuant to General Municipal Law § 205-e, unanimously modified, on the law, to deny defendants'

motion to the extent it sought to dismiss plaintiff's common-law negligence cause of action, and otherwise affirmed, without costs.

Plaintiff's common-law negligence claim is not barred by the "firefighter's rule," because, while plaintiff was present in the precinct locker room when defendant Gian discharged his gun, he was not engaged in any specific duty that increased the risk that he would be shot (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439-440 [1995]). He was donning his uniform before beginning his tour of duty and conversing with another officer when the gun went off while Gian was moving it from one locker to another.

The motion court correctly dismissed plaintiff's General Municipal Law § 205-e cause of action predicated upon alleged violations of the Penal Law and the Labor Law. No criminal charges were brought against Gian, and plaintiff failed to come forward with compelling evidence that Gian's conduct was criminally negligent or criminally reckless so as to overcome the presumption that the Penal Law had not been violated (*see Williams v City of New York*, 2 NY3d 352, 366-367 [2004]). Nor was plaintiff's injury the type of workplace injury contemplated by Labor Law § 27-a (*see id.* at 367-378). Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 30671(U).]